UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

---

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        **Plaintiff,**

v.                                                                Civil Action No.

**WALTER JACKSON, JR., POLLY WRIGHT,
JOY RACHELLE JACKSON and
EXPRESS FUNERAL FUNDING LLC, as assignee of
BECKWITH GOLDEN GATE FUNERAL HOME,**

        **Defendants.**

---

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned counsel, for its Complaint in Interpleader pursuant to Federal Rules of Civil Procedure 22 and 67, alleges as follows:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Louisiana.

2. Upon information and belief, Walter Jackson, Jr. is an adult citizen of Louisiana and is domiciled in Caddo Parish, Louisiana.

3. Upon information and belief, Polly Wright is an adult citizen of Louisiana and is domiciled in Madison Parish, Louisiana.

4. Upon information and belief, Joy Rachelle Jackson is an adult citizen of Louisiana and is domiciled in Madison Parish, Louisiana.

5. Upon information and belief, Express Funeral Funding LLC, as assignee of Beckwith Golden Gate Funeral Home is a privately held insurance funding company authorized to do business in the state of Louisiana.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (a)(2) and (e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee benefit plan brought by, among other parties, a fiduciary. The group life insurance policy at issue in this action is an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002(21)(A)(iii).

7. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

8. On or about October 1, 1992, Prudential issued Group employee basic life insurance policy number "G-33624" to the State of Louisiana (Madison Parish School) ("the Plan"). *A copy of the Plan is attached hereto as **Exhibit 'A'**.*

9. As an eligible employee of the State of Louisiana (Madison Parish School), Mary D. Jackson (the "Insured") received life insurance coverage under the Plan.

10. By "State Employee Group Benefits Plan Enrollment Document" dated September 11, 1992 the Insured designated Joy Rachelle Jackson, daughter, Walter Jackson, Jr., son, and Polly Jackson, daughter, as beneficiaries to the Plan proceeds in equal shares. *A copy of the State Employee Group Benefits Plan Enrollment Document dated September 11, 1992 is attached hereto as **Exhibit 'B'**.*

11. By "Enrollment form – State of Louisiana" dated February 5, 2013, the Insured designated Joy R. Jackson, daughter, as sole primary and sole contingent beneficiary to the Plan proceeds. *A copy of the Enrollment form dated February 5, 2013 is attached hereto as **Exhibit 'C'**.*

12. By "Enrollment Form – State of Louisiana" dated November 2, 2018, the Insured designated Walter Jackson, Jr., son, and Polly J. Wright, daughter, as primary beneficiaries to the Plan proceeds in equal shares and designated Mary J. King, daughter, and Brenda J. Patterson, daughter, as contingent beneficiaries to the Plan proceeds in equal shares. *A copy of the Enrollment Form dated November 2, 2018 is attached hereto as **Exhibit 'D'**.*

13. Upon information and belief, the Insured died on November 13, 2018. *A copy of the Certificate of Death is attached hereto as **Exhibit 'E'**.*

14. As a result of the death of the Insured, Plan proceeds in the amount of $22,000 became payable to a beneficiary or beneficiaries (the "Death Benefit") and liability is conceded to that effect.

15. By facsimile dated November 16, 2018, Joy Rachelle Jackson challenged the change of beneficiary dated November 2, 2018, alleging that the signature on the form was not

the signature of the Insured, who was in hospice care at the time it was executed. *A copy of the facsimile dated November 16, 2018 from Joy Rachelle Jackson is attached hereto as* **Exhibit 'F'.**

16. On or about November 23, 2018, Walter Jackson, Jr., Polly Wright, Mary King and Brenda Patterson executed an "Irrevocable Assignment and Power of Attorney" naming Express Funeral Funding LLC, through assignment from Beckwith Golden Gate Funeral Home as assignee of $16,804.84, "plus statutory interest from the Insured's date of death," of the Death Benefit for services provided in connection with the funeral of the Insured. *A copy of the Irrevocable Assignment and Power of Attorney is attached hereto as* **Exhibit 'G'.**

17. By letter dated November 26, 2018, Express Funeral Funding, LLC submitted a "Notice of Irrevocable Assignment and Beneficiary Power of Attorney" on the Death Benefit to Prudential for the sum of $16,804.84 with respect to services provided in connection with the funeral of the Insured. *A copy of the letter dated November 26, 2018 is attached hereto as* **Exhibit 'H'.**

18. By email to the Madison Parish School District dated November 28, 2018, Joy Rachelle Jackson again challenged the change of beneficiary dated November 2, 2018 by alleging that the form was not signed by the Insured. *A copy of the email sent by Joy Rachelle Jackson on November 28, 2018 is attached hereto as* **Exhibit 'I'.**

19. If the "Enrollment Form – State of Louisiana" dated November 2, 2018 in which the Insured designated Walter Jackson, Jr., son, and Polly J. Wright, daughter, as primary beneficiaries to the Plan proceeds in equal shares and; her daughters, Mary J. King and Brenda J. Patterson, as contingent beneficiaries, is deemed void and of no legal effect, then Plan proceeds would be payable to Joy R. Jackson, as sole primary and sole contingent beneficiary as described in the "Enrollment Form – State of Louisiana" dated February 5, 2013.

20. There have been no other claims for the Death Benefit. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, Prudential is or may be exposed to multiple liability.

21. Prudential is ready, willing, and able to pay the Death Benefit, plus applicable claim interest, if any, in accordance with the terms of the Plan to whomever this Court shall designate.

22. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom this should be paid.

23. Accordingly, Prudential seeks to deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

24. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants. Prudential brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Plan;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the remaining Death Benefit should be paid;

(d) permitting Prudential to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

5

(e) discharging Prudential from any and all further liability to Defendants relating in any way to the Plan and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) awarding Prudential its attorneys' fees and costs in their entirety; and

(g) awarding Prudential any other and further relief that this Court deems just and proper.

Dated: April 26, 2019

Respectfully submitted,

/s/ Judy L Burnthorn
_____
Judy L. Burnthorn (#17496)
Andrew J. Baer (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: 504 581 5141
Jburnthorn@deutschkerrigan.com
abaer@deutschkerrigan.com
*Attorneys for Plaintiff*
*The Prudential Insurance Company of America*

(h)    8484886v1