# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | CASE NO. 3:19-CV-00532 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WALTER JACKSON JR., ET AL | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 25] filed by defendant-in-crossclaim, Joy R. Jackson. The motion is unopposed. For reasons set forth below, it is recommended that the motion to dismiss be DENIED.

## Background

On April 26, 2019, The Prudential Insurance Company of America ("Prudential") filed the instant interpleader complaint under Rule 22 of the Federal Rules of Civil Procedure. (Compl.). Prudential invoked the court's federal question jurisdiction, 28 U.S.C. § 1331, pursuant to 29 U.S.C. § 1132 (a)(2) and (e) of the Employee Retirement Income Security Act of 1974 ("ERISA") because the underlying group life insurance policy was an employee welfare benefit plan governed by ERISA. *Id*.

According to the complaint, on or about October 1, 1992, Prudential issued Group employee basic life insurance policy number "G-33624" to the State of Louisiana (Madison Parish School) ("the Plan"). As an eligible employee of the State of Louisiana (Madison Parish School), Mary D. Jackson (the "Insured") received life insurance coverage under the Plan. By "State Employee Group Benefits Plan Enrollment Document" dated September 11, 1992, the Insured designated Joy Rachelle Jackson, daughter; Walter Jackson, Jr., son; and Polly Jackson,

daughter; as beneficiaries to the Plan proceeds in equal shares. Subsequently, by "Enrollment form – State of Louisiana" dated February 5, 2013, the Insured designated Joy R. Jackson, daughter, as sole primary and sole contingent beneficiary to the Plan proceeds. However, by "Enrollment Form – State of Louisiana" dated November 2, 2018, the Insured designated Walter Jackson, Jr., son, and Polly J. Wright, daughter, as primary beneficiaries to the Plan proceeds in equal shares and designated Mary J. King, daughter, and Brenda J. Patterson, daughter, as contingent beneficiaries to the Plan proceeds in equal shares.

The Insured died on November 13, 2018, and Plan proceeds in the amount of $22,000 became payable to a beneficiary or beneficiaries (the "Death Benefit").

By facsimile dated November 16, 2018, Joy R. Jackson challenged the November 2, 2018, change of beneficiary, alleging that the signature on the form was not the signature of the Insured, who was in hospice care at the time it was executed.

On or about November 23, 2018, Walter Jackson, Jr., Polly Wright, Mary King and Brenda Patterson executed an "Irrevocable Assignment and Power of Attorney" naming Express Funeral Funding L.L.C., through assignment from Beckwith Golden Gate Funeral Home, as assignee of $16,804.84, "plus statutory interest from the Insured's date of death," of the Death Benefit for services provided in connection with the funeral of the Insured.

In its complaint, Prudential named four parties-claimant: Walter Jackson, Jr.; Polly Wright; Joy R. Jackson; and Express Funeral Funding L.L.C., as assignee of Beckwith Golden Gate Funeral Home. Prudential seeks an order, *inter alia*, requiring defendants and/or the Court to determine to whom the death benefit should be paid. Prudential also seeks an order discharging it from liability, plus an award of attorney's fees and costs.

On June 18, 2019, Defendants Walter Jackson, Jr., Polly Wright, and Express Funding, L.L.C. filed their answer to the suit, together with a crossclaim against Joy R. Jackson for

2

declaratory, injunctive, and monetary relief. Cross-claimants seek disbursement of the Plan proceeds in their favor, together with an award of attorney's fees under ERISA. They also seek an order voiding the February 5, 2013, Enrollment form, and rescission of the designation of beneficiary form for the Plan.

**Discussion**

On July 30, 2019, Joy R. Jackson filed the instant motion to dismiss the crossclaim for failure to state a claim upon which relief can be granted. Movant contends that the cross-claimants are not employees covered under the ERISA statute, and therefore, do not have standing to assert a claim for relief. Plaintiffs-in-crossclaim did not file a response to the motion to dismiss, and the time to do so has lapsed. *See* Notice of Motion Setting. [doc. # 27]. Thus, the motion is considered unopposed. *Id*.[1] The matter is ripe.

The issue presented by the instant motion is whether the cross-claimants may be characterized as one of the enumerated parties authorized to file suit under the terms of ERISA's civil enforcement statute. Under § 502(a), only participants,[2] beneficiaries,[3] fiduciaries,[4] and

---

[1] However, the court cannot grant a Rule 12(b)(6) motion merely because a party fails to oppose the motion. *Webb v. Morella*, 457 Fed. Appx. 448, 452 n.4 (5th Cir.2012).

[2] A participant is defined as ". . . any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

[3] A beneficiary is ". . . a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

[4] [A] person is a fiduciary with respect to a plan to the extent:
(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other

the Secretary of Labor are empowered to bring civil actions. *See* 29 U.S.C. § 1132(a); *Tango Transport v. Healthcare Financial Services LLC*, 322 F.3d 888, 891 (5th Cir. 2003); *Coleman v. Champion Int'l Corp./Champion Forest Products,* 992 F.2d 530, 533 (5th Cir.1993). Whilst it is manifest that the cross-claimants are neither participants, nor fiduciaries, and certainly are not the Secretary of Labor, they *do* claim to be properly designated beneficiaries under the plan participant's most recent enrollment form.[5]

The court appreciates movant's ultimate contention that the cross-claimants are not beneficiaries under the Plan because of the purported invalidity of the November 2, 2018, enrollment form from which they derive their status as beneficiaries. However, to qualify as a beneficiary, one need only have a "colorable claim" to prevail on a suit for benefits, and be designated by a participant to receive a benefit under the Plan. *See Cobb v. Cent. States*, 461 F.3d 632, 636 (5th Cir.2006) (citations omitted).

Here, the complaint and the crossclaim allege facts to support a finding that the cross-claimants meet the requirements to be considered beneficiaries under the Plan. *See* discussion, *supra*. Moreover, at the pleading stage, the court must accept as true all factual allegations set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Furthermore, insofar as the issue before the court may be construed as jurisdictional,[6] the court

---

property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.
29 U.S.C. § 1002(21) (in pertinent part).

[5] As an alleged assignee of a beneficiary, Express Funeral Funding L.L.C., arguably has derivate standing to bring an enforcement action under ERISA. *See Tango Transp., supra.*

[6] *See Cobb, supra* (issue of whether a particular plaintiff falls within one of ERISA's three enumerated classes of litigants is a jurisdictional one).

4

may resolve the matter "based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted). Here, the only cognizable facts presented to the court are those set forth in the complaint and crossclaim.[7]

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that defendant-in-crossclaim, Joy R. Jackson's motion to dismiss [doc. # 25] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[7] Although the complaint included a copy of the movant's November 16, 2018, letter to Prudential in which she challenged the validity of the November 5, 2018, beneficiary form, the court cannot resolve the validity of the Insured's signature in the context of the present motion.

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 4th day of September, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE