UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA | CASE NO. 3:19-CV-00532 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WALTER JACKSON JR., ET AL | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court are a Motion for Sanctions [Doc. No. 60], a Motion to Set Aside Judgment [Doc. No. 61], and a Motion for Reconsideration [Doc. No. 62] filed by Defendant Joy R. Jackson. The other parties, Walter Jackson, Jr., Polly Wright, and Express Funeral Funding, LLC, filed an Opposition to these motions [Doc. No. 64]. For the reasons set forth herein, all three motions are DENIED.

**I.   BACKGROUND**

On April 26, 2019, Prudential Insurance Company of America ("Prudential") filed a Complaint in Interpleader against Express Funeral Funding, LLC ("Express"), Joy R. Jackson ("Joy"), Walter Jackson, Jr. ("Walter"), and Polly Wright ("Polly") over the disposition of $22,000.00 in life insurance proceeds due as a result of the death of Mary D. Jackson. Mary D. Jackson died on November 13, 2018.

On June 18, 2019, Polly and Walter filed a Cross Claim against Joy [Doc. No. 14]. On November 26, 2019, Prudential filed a Motion for Interpleader Deposit [Doc. No. 39] seeking to deposit the life insurance proceeds into the registry of the court. On December 26, 2019, a Judgment was signed, granting Prudential's Motion for Interpleader Deposit, terminating

Prudential as a party in this proceeding and depositing $22,000.00 into the registry of the court.

As the remaining parties prepared for trial, all parties agreed at a pretrial conference held on July 8, 2020, to transfer the funds to the state court registry by joint motion, in a separate action to be filed in the same court where the succession proceedings were pending [Doc. No. 54]. The pretrial conference and trial were continued, and counsel were to file their motion within thirty (30) days. A status conference was set for August 11, 2020.

At the status conference held on August 11, 2020, the parties asked for additional time to file their joint motion to transfer funds to the state court registry [Doc. No. 55]. The motion was granted, and another status conference was set for September 18, 2020. Counsel were to file their joint motion before the date of the status conference.

On September 8, 2020, a joint motion to Transfer Interplead Funds into State Court [Doc. No. 56] was filed. The Joint Motion requested an order directing the Clerk of Court to transfer the funds being held to the Sixth Judicial District Court, Parish of Madison.

A Judgment was signed on September 9, 2020 [Doc. No. 57], ordering the Clerk of Court to deposit with the Clerk of Court for the Sixth Judicial District Court, Madison Parish, the proceeds of the life insurance policy. Although the parties had indicated at the July 8 pretrial conference that a separate action between the parties was to be filed in Madison Parish, a separate suit had not been filed. See [Doc. No. 54].

After the Deputy Clerk for the Western District of Louisiana found no separate suit existed between the parties, the Judgment was changed to reflect the proceeds be deposited in the only suit existing in Madison Parish, involving these parties, "Succession of Mary Lee Dunbar Jackson", Case No. 5055, Madison Parish, Louisiana. The Interpleader disbursement was completed on September 10, 2020, and the sum of $22,067.21 was thereafter mailed to the Madison Parish Clerk of Court.

Joy filed the pending motions on September 18, 2020 [Doc. Nos. 60, 61, and 62] asking to set aside the Judgment, for reconsideration, and for sanctions against the opposing attorney. Joy maintains the motion falsely stated it was a joint motion without her consent.

Express, Walter, and Polly responded [Doc. No. 64]. Express, Walter, and Polly's counsel attached documentation showing emails sent to Joy on July 30, August 30, and September 8, 2020, inquiring about the joint motion and order, but received no response. The September 8, 2020 email attached a copy of the proposed motion and order and indicated it would be filed if no responses were received. Not receiving any response from Joy, the Joint Motion to Transfer Interplead Funds into State Court was filed without change.

## II.     LAW AND ANALYSIS

After reviewing the entire record, Joy R. Jackson's Motion for Sanctions [Doc. No. 60], Motion to Set Aside Judgment [Doc. No. 61] and Motion for Reconsideration [Doc. No. 62] are DENIED. The parties had previously agreed at the July 8, 2020 Pretrial Conference [Doc. No. 54] to a "joint motion" to transfer the proceeds. Both counsel asked Judge Hayes at the September 8, 2020 conference for additional time to file their "joint motion." The parties contemplated a joint motion was to be filed. After preparing the joint motion, sending Joy a copy, and hearing nothing, the joint motion was filed. Nothing opposing the joint motion was filed by Joy until ten (10) days later, on September 18, 2020. By that time, the funds had already been disbursed and sent to the Madison Parish Clerk of Court.

Nothing warrants the Judgment to be set aside, modified, or sanctions. Joy also complains that the proceeds should not have been filed in the Succession of Mary Jackson proceeding. A simple solution would be to file a separate state court proceeding in Madison Parish (which was supposed to have been done after the July 8, 2020 Pretrial Conference) and file a motion asking for one of the good judges for the Sixth Judicial District Court to transfer the

proceeds to the new suit. This Court no longer has any jurisdiction over proceeds which have been filed into the registry of the Court of Madison Parish.

### III. CONCLUSION

For the above reasons, Joy R. Jackson's Motion for Sanctions [Doc. No. 60], Motion to Set Aside Judgment [Doc. No. 61] and, Motion for Reconsideration [Doc. No. 62], are DENIED.

MONROE, LOUISIANA this 22nd day of October, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE